McCrillis v. Mansfield.

---

PULASKI McCRILLIS *vs.* STACY T. MANSFIELD.

*One taxed not estopped to deny inhabitancy.*

In an action by a collector of taxes, to recover a poll tax assessed upon a person in a town where he was not an inhabitant at the time the tax was assessed, the defendant is not estopped from showing his non-residence in defence, although all the proceedings of the town including the warrant to the officer, are upon their face formal and regular.

ON REPORT.

DEBT to recover a poll tax assessed in due form against the defendant in Dexter for the year 1871 ; submitted to the presiding judge who found that, though working in Dexter (where he had resided in former years) upon an engagement for a year's work, on the first day of April, 1871, the defendant was then a resident of Foxcroft. The plaintiff objected to evidence of this last fact, contending that the defendant was estopped to assert it in this action and that the plaintiff was entitled to recover, irrespective of the actual inhabitancy of the defendant, if the tax assessment,

commitment and warrant to the plaintiff were regular, but the judge ruled the law otherwise, and that the plaintiff could not recover upon the facts found.

*V. A. & M. Sprague* for the plaintiff.

The collector's justification is his warrant, which protects him against all illegalities but his own; and he is not responsible for the errors of the assessors, whether in assessing one not liable or otherwise erroneous. *Nowell* v. *Tripp*, 61 Maine, 426; *Carville* v. *Additon*, 62 Maine, 459.

The plaintiff is bound to account to Dexter for this tax committed to him; if he cannot recover it here he is remediless; but if illegally assessed, and payment enforced, Mr. Mansfield can recover it of Dexter. *Briggs* v. *Lewiston*, 29 Maine, 472.

*E. Flint* for the defendant.

PETERS, J. This is an action by the collector of the town of Dexter, to recover a poll tax assessed upon the defendant as an inhabitant of that town. The facts show that the defendant was not an inhabitant of that town at the time that the tax was assessed. But the plaintiff contends that, as his warrant authorized him to collect the tax, the defendant cannot, in this suit, go behind the warrant and show the tax to be illegal. In support of this position, the case of *Nowell* v. *Tripp*, 61 Maine, 426, is relied upon.

But that case falls short of sustaining such a proposition. Nor does the reason for the rule established in that case exist in this. Here, the officer was not compelled to institute a suit for the collection of the tax, although he might do so. If the plaintiff can prevail here, then the defendant is remitted to a subsequent suit against the town to recover back the tax; in that way requiring two suits, instead of one, to settle the litigation.

We do not think the doctrine enunciated in the case cited needs to be thus extended. *Plaintiff nonsuit.*

APPLETON, C. J., DICKERSON, DANFORTH, VIRGIN and LIBBEY, JJ., concurred.